Christopher B. Snow (8858)
Shaunda L. McNeill (14468)
**CLYDE SNOW & SESSIONS**
201 South Main Street, 13th Floor
Salt Lake City, Utah 84111-2516
Telephone: 801.322.2516
cbs@clydesnow.com
slm@clydesnow.com

*Attorneys for Defendant Alpine Securities Corporation*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EMILY NANCE,<br><br>Plaintiff,<br><br>v.<br><br>ALPINE SECURITIES CORPORATION,<br><br>Defendant. | **REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Case No. 2:18-cv-00531<br><br>Judge Bruce S. Jenkins |

Defendant Alpine Securities Corporation ("Alpine" or the "Company"), by and through its

counsel, submits this reply memorandum in support of its Motion to Dismiss Plaintiff's Complaint

(the "Motion").[1]

### I.       Nance Has Not Identified a Basis for Federal Subject Matter Jurisdiction.

Alpine moved to dismiss on the basis that this Court lacks subject matter jurisdiction over

Plaintiff Emily Nance's ("Nance") state law wrongful termination claim, which is the only claim

asserted in the Complaint. In her "Response" brief,[2] Nance makes no appreciable effort to refute the

numerous legal authorities and arguments in the Motion. Instead, she concedes:

> If the law is that Plaintiff's reliance on federal securities laws as a source of
> public policy . . . does not implicate a federal interest sufficiently substantial to

---

[1] Dkt. 13.
[2] Dkt. 15.

confer federal question subject matter jurisdiction on a federal district court, then, it may be appropriate for the Court to dismiss the Complaint without prejudice and not on the merits and/or transfer it to the State court.[3]

Nance also admits that her Complaint "does not specifically identify which federal securities laws require businesses to report suspicious activities."[4] However, she includes a footnote purporting to identify two such federal acts:

> the Bank Secrecy Act, 12 U.S.C. ch. 13 § 1724; 12 U.S.C. ch. 16 § 1813; 15 U.S.C. ch. 2B § 78a, and the Patriot Act, § 356, 31 U.S.C. § 5318(g), which requires registered broker dealers to file SARs under 31 U.S.C. § 5318 (g).[5]

Citing these laws in a brief cannot remedy the jurisdictional deficiencies of the Complaint. But even if these citations had been included in the Complaint as sources of Utah public policy, they would not be sufficient to confer federal subject matter jurisdiction over Nance's claim. Federal courts have jurisdiction over state law claims only "if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). A federal issue is substantial only if its adjudication will be "importan[t] . . . to the federal system as a whole." *Id.* at 260.

As set forth more fully in the Motion, the adjudication of Nance's wrongful termination claim will have no importance to the federal system as a whole. The only analysis pertaining to federal securities laws would be whether the federal laws constitute a source of clear and substantial public policy for the State of Utah and whether Nance's actions brought such policy into play. *See Pang v. Int'l Document Servs.*, 2015 UT 63, ¶ 20, 356 P.3d 1190 (identifying the elements of a Utah common law claim for wrongful termination in violation of public policy). This process would not

---

[3] Response [Dkt. 15] at p. 8.
[4] Response [Dkt. 15] at p. 7 (emphasis omitted).
[5] Response [Dkt. 15] at p. 7 n.2.

involve any meaningful interpretation of federal statutes but would instead focus on questions of

state policy. Indeed, federal courts have "uniformly" held that subject matter jurisdiction is absent

where "a purported 'federal question' [is] embedded in a plaintiff's common law wrongful

discharge cause of action." *Greeney v. Ctr. for Human Dev., Inc.*, 725 F. Supp. 2d 259, 263 (D.

Mass. 2010).[6]

It would disrupt the judicial balance between state and federal courts to allow Nance to

assert a state law claim "generically referencing the 'public policy'" of the suspicious activity

reporting statutes and then recognize the claim as one arising under federal law. *See Campbell v.*

*Aerospace Corp.*, 123 F.3d 1308 (9th Cir.1997). This Court lacks subject matter jurisdiction over

Nance's state law claim, and Fed. R. Civ. P. 12(b)(1) requires that her Complaint be dismissed.

**II.     Re-Pleading Would Be Futile Because Nance Does Not Meet the Requirements to
Bring a Whistleblower Claim Under Any Federal Securities Law.**

Nance has suggested that she be given the opportunity to amend her Complaint to include a

whistleblower claim under 31 U.S.C. § 5328.[7] This suggestion should be rejected because any

whistleblower claim that Nance could assert under 31 U.S.C. § 5328 (or any other federal securities

whistleblower regime) would be subject to dismissal, rendering the amendment futile. "[C]ourts

may refuse to give parties leave to amend upon a showing of futility of amendment." *Panicker v.*

*State Dep't of Agric.*, 498 F. App'x 755, 757 (10th Cir. 2012) (alteration accepted, citation omitted).

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Id.*

A whistleblower claim under 31 U.S.C. § 5328 would be subject to dismissal because the

statute creates a private right of action only for employees who, prior to their termination, "provided

information to the Secretary of the Treasury, the Attorney General, or any Federal supervisory

---

[6] See other authorities cited in the Motion [Dkt. 13] at pp. 8-10.
[7] Response [Dkt. 15] at p. 8 n.3.

agency." *See* 31 U.S.C. § 5328(a); *see also Hill v. Mr. Money Fin. Co. & First Citizens Banc Corp.*, 309 F. App'x 950, 962 (6th Cir. 2009) (holding that employee was not protected from retaliatory termination by 31 U.S.C. § 5328 because he did not report relevant information to any federal agency until after his termination). Nance concedes that she "did not have the opportunity" to report "to an outright regulatory authority."[8] She appears to further concede that because she did not report to such authorities, she does not qualify as a whistleblower under 31 U.S.C. § 5328.[9]

Nance is also ineligible for whistleblower protection under the Sarbanes-Oxley Act and the Dodd Frank Act. *See* 18 U.S.C. § 1514A (Sarbanes-Oxley whistleblower requirements); 15 U.S.C. § 78u-6 (Dodd Frank whistleblower requirements). She did not exhaust administrative remedies under the Sarbanes-Oxley Act by filing a claim with the Department of Labor within 180 days of her termination, *see* 18 U.S.C. § 1514A(b), and she does not meet the prerequisites for a Dodd Frank whistleblower claim because she did not make a report to the Securities and Exchange Commission prior to her termination, *see* 15 U.S.C. § 78u-6(a)(6) (defining "whistleblower" as "any individual who provides . . . information relating to a violation of the securities laws to the [Securities and Exchange] Commission"); *see also Digital Realty Tr., Inc. v. Somers*, 138 S. Ct. 767, 778 (2018) ("[The employee] did not provide information 'to the Commission' before his termination, so he did not qualify as a 'whistleblower' at the time of the alleged retaliation. He is therefore ineligible to seek relief under § 78u–6(h).").

Nance concludes her Response by stating that "the federal statutes such as the Bank Secrecy Act of 1970, and the Patriot Act, which require broker dealers to file suspicious activity reports, may be silent as to the rights of whistleblowers who make internal complaints."[10] This

---

[8] *See* Response [Dkt. 15] at p. 10 n.4 ("31 U.S.C. § 5328 might have protected Ms. Nance if she had blown the whistle to an outright regulatory authority. In the instant case, Ms. Nance did not have the opportunity to do so.").
[9] *See id.*
[10] Response [Dkt. 15] at 9.

congressional "silence" means that the statutes do not provide a cause of action for whistleblowers. A federal statute creates a private right of action only where the text reveals a Congressional intent to do so. *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) ("The judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy."). Here, Nance has not identified any textual evidence indicating that Congress intended to create a cause of action for whistleblowers under either the Bank Secrecy Act of 1970 or the Patriot Act. It would be futile to permit Nance to amend her Complaint to assert claims under these statutes because such claims would automatically be subject to dismissal. Nance's Complaint should be dismissed without leave to file an amended complaint in federal court.

### III.   The Case Should Be Dismissed, Not Transferred to State Court.

"[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). In *Ferguson v. Oklahoma Sec'y of State*, 6 F. App'x 797 (10th Cir. 2001), the plaintiff requested that, if subject matter jurisdiction over her case was found to be lacking, the Tenth Circuit "allow the district court to transfer the case to state court." *Id.* at 799. The Tenth Circuit responded, "Regrettably, we know of no law permitting us to transfer a case from federal court to state court in this situation." *Id.*

This Court has similarly denied requests to transfer claims to state court because "no such authority to transfer is vested in federal courts." *Greene v. Gray*, No. 216CV00804JNPEJF, 2017 WL 3705075, at *2 (D. Utah Aug. 28, 2017); *see also Xie v. Univ. of Utah*, No. 2:04 CV 864 TC, 2006 WL 753003, at *2 (D. Utah Mar. 22, 2006) ("28 U.S.C. § 1631 is directed to the federal court

system and does not authorize a federal court to transfer a case over which it has no subject-matter

jurisdiction to a state court.").

Because this Court lacks subject matter jurisdiction over Nance's wrongful termination

claim and because there is no procedure for transferring the claim to state court, this Court must

dismiss the Complaint in its entirety. Nance may re-file her claim in state court if she so chooses.

DATED this 13th day of December, 2018.

**CLYDE SNOW & SESSIONS**

/s/ Christopher B. Snow
Christopher B. Snow
Shaunda L. McNeill
*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 13th day of December 2018, I caused a true and correct copy of the

foregoing **REPLY IN SUPPORT OF MOTION TO DISMSS PLAINTIFF'S COMPLAINT** to

be served via the Court's CM/ECF filing system upon the addressee(s) listed below:

> David J. Holdsworth
> 9125 South Monroe Plaza Way, Suite C
> Sandy, UT 84070
> david_holdsworth@hotmail.com
> *Attorney for Plaintiff*

/s/ *Jessica Ritchie*
*Legal Secretary*